UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVERETT DYSON,

        Petitioner,

                                                                         CASE NO. 97-CV-70107
v.                                                      HONORABLE GERALD E. ROSEN

DUNCAN MACLAREN,

        Respondent.
_____/

## ORDER DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

       This matter is before the Court on Michigan prisoner Everett Dyson's petition for a writ of habeas corpus, filed by counsel, apparently seeking to reopen this closed habeas case and proceed on an amended habeas petition. On November 26, 1997, the Court dismissed his original habeas petition without prejudice on exhaustion grounds. The Court did not retain jurisdiction over the case. Dyson now seeks to again proceed on federal habeas review following the exhaustion of additional state court remedies.

       Dyson cannot amend his prior habeas petition because it is no longer pending before this Court. While a federal court generally has discretion to allow amendment

of a civil complaint, *see* Fed. R. Civ. P. 15(a), such is not the case where, as here, the Court has already dismissed the case.  Under Federal Rule of Civil Procedure 15, once a judgment has been entered in a case, the filing of an amendment is not allowed unless the judgment has been set aside or vacated.  *See In re Ferro Corp. Derivative Litigation*, 511 F.3d 611, 624 (6th Cir. 2008); *accord Griffey v. Lindsey*, 345 F.3d 1058, 1062 (9th Cir. 2003); *Pitts v. Champion*, 16 F. App'x 975, 977 (10th Cir. 2001); *Harris v. City of Auburn*, 27 F.3d 1284, 1287 (7th Cir.1994).  No such action has occurred here.  The Court dismissed the original petition, closed the case, and did not retain jurisdiction over the matter.  Dyson's proper recourse is to file a new habeas petition in accordance with the federal rules, not to reopen this closed case.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.  This case is closed.  The Court expresses no opinion as to the procedural or substantive merits of the petition at this time.

Before Dyson may appeal the Court's decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a court relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*. Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability.

    **IT IS SO ORDERED**.


                                                  s/Gerald E. Rosen
                                                  United States District Judge

Dated: January 3, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 3, 2017, by electronic and/or ordinary mail.

                                                    s/Julie Owens
                                                  Case Manager, (313) 234-5135